UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JOHN H. RONDEAU, | ) | CIV. 09-5059-JLV |
| | ) | |
| Plaintiff, | ) | ORDER REVERSING THE |
| | ) | DECISION OF THE |
| vs. | ) | COMMISSIONER AND |
| | ) | REMANDING THE CASE |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On June 26, 2009, plaintiff John Rondeau filed a complaint appealing the denial of his application for supplemental security income benefits by the Social Security Administration ("Administration"). (Docket 1). Defendant filed an answer moving the court to dismiss Mr. Rondeau's application and to affirm the decision of the Administration. (Docket 9). On January 6, 2010, defendant moved to the court to enter an order of reversal with remand of the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket 19). Mr. Rondeau agreed that an order of reversal and remand was appropriate, but requested that the order contain specific instructions to guide the administrative proceedings. (Docket 20). Defendant objected to the inclusion of specific instructions in the remand order. (Docket 21). In reply, Mr. Rondeau withdrew his consent to the defendant's motion for reversal and remand.

(Docket 22).  As both parties agree that reversal and remand are appropriate, the issue before the court is whether the instructions proposed by Mr. Rondeau should be included in the order for reversal and remand.

Mr. Rondeau proposes five instructions.  The first instruction is for the Administrative Law Judge ("ALJ") to consider Mr. Rondeau's 2005 claim for benefits, which was denied without a hearing.  Such an instruction is improper as the Social Security Act does not authorize judicial review of the Commissioner's decision not to reopen a claim for benefits, unless such refusal raises a constitutional issue.  Davis v. Sullivan, 977 F.2d 419, 420 (8th Cir. 1992) (citing Brown v. Sullivan, 932 F.2d 1243, 1245-46 (8th Cir. 1991); see also Harapat v. Califano, 598 F.2d 474, 477 (8th Cir. 1979). Further, 42 U.S.C. § 405(g) "limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.' " Califano v. Sanders, 430 U.S. 99, 108 (1977).

The second instruction is for the ALJ to affirm the allowance of benefits on Mr. Rondeau's subsequent claim for benefits.  Because Mr. Rondeau has not exhausted his administrative appeal remedies for this subsequent claim, the court lacks subject matter jurisdiction over the claim under § 405(g).  Schoolcraft v. Sullivan, 971 F.2d 81, 84-85 (8th Cir. 1992) (citing Weinberger v. Salfi, 422 U.S. 749 (1975)).

Mr. Rondeau's third and fourth proposed instructions focus on the evidence the ALJ should consider. Instruction number three is for the ALJ to consider the opinion and recommendation of a psychologist employed in the Administration's Quality Review Branch "in the interest of entering a decision without the necessity of subjecting the claimant to further hearing." (Docket 20, Part 2, p. 2). Instruction number four is for the ALJ to order a psychiatric consultative examination before conducting a hearing should the ALJ find a hearing necessary. The court finds that such instructions are not necessary. The ALJ has a duty to fully and fairly develop the record. Smith v. Barnhart, 435 F.3d 926, 930 (8th Cir. 2006); Weber v. Barnhart, 348 F.3d 723, 725 (8th Cir. 2003). Because a social security hearing is non-adversarial, this duty is independent of the claimant's burden in the case. Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) (citing Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004)). The court will not place limits on the ALJ's ability to satisfy his duty to fully and fairly develop the record.

Mr. Rondeau's fifth proposed instruction is for the Commissioner to flag and assign the case immediately in accordance with HALLEX 1-2-1-55.[1] Such an instruction is not necessary because the defendant acknowledged that it is the policy of the Administration to give priority to remand cases. (Docket 21 at p. 3). Accordingly, it is hereby

ORDERED that defendant's motion to remand (Docket 19) is granted. Pursuant to sentence four of 42 U.S.C. § 405(g), the court orders that the decision of the Commissioner is reversed and the case remanded to the Commissioner for further administrative action. Upon remand, the ALJ shall review the consolidated record for further development of the record and issue a new decision.

IT IS FURTHER ORDERED that the clerk of courts shall enter judgment in accordance with Fed. R. Civ. P. 58 and consistent with the

---

[1] Circuits are divided as to whether the Hearings, Appeals and Litigation Law Manual (HALLEX) is binding law. Compare Moore v. Apfel, 216 F.3d 864, 868-69 (9th Cir. 2000) (finding that HALLEX has no legal force) with Newton v. Apfel, 209 F.3d 448, 456 (5th Cir. 2000) (finding that HALLEX is not binding law, but administrative agencies should follow their own policies). The Court of Appeals for the Eighth Circuit apparently has not ruled on this issue, although at least one court within the circuit has opined the Eighth Circuit would hold that HALLEX does not have the force of law. See Ellis v. Astrue, No. 4:07CV1031 AGF, 2008 WL 4449452 at *16 (E.D. Mo. Sept. 25, 2008) (citing Shontos v. Barnhart, 328 F.3d 418, 424 n. 7 (8th Cir. 2003) (the Administration's Program Operations Manual System (POMS) guidelines do not have legal force and do not bind the Commissioner; still, an ALJ should consider them)).

United States Supreme Court's decision in Shalala v. Schaefer, 509 U.S. 292, 296-302 (1993).

IT IS FURTHER ORDERED that plaintiff's motion for remand with specific instructions (Docket 20) is granted in part and denied in part. This matter is reversed and remanded to the Commissioner, but without the specific instructions proposed by plaintiff.

Dated February 8, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE