UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| JOHN H. RONDEAU, | ) | CIV. 09-5059-JLV |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION |
| vs. | ) | FOR EAJA FEES |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On February 8, 2010, the court entered an order (1) reversing the decision of the Commissioner denying supplemental security income benefits to plaintiff John Rondeau and (2) remanding the case for further administrative proceedings. (Docket 23). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Catherine Ratliff, counsel for Mr. Rondeau, timely moved for an award of attorney's fees and expenses. (Docket 24). Ms. Ratliff seeks an award of $6,723.75 in attorney's fees and $403.43 in expenses, namely, the sales tax on the attorney's fees. Id. The Commissioner does not oppose an award of attorney's fees and expenses in this case, but requests the number of billable hours be reduced. (Docket 26). For the reasons stated below, the court grants Ms. Ratliff's motion in its entirety.

Under the EAJA, a court shall award to a prevailing party, other than the United States, fees and expenses[1] incurred in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party seeking such an award must comply with the following requirements: (1) the party must file an application for fees and expenses demonstrating the party is the prevailing party and is eligible to receive an award; (2) the party must submit the application within 30 days of final judgment in the case; (3) the party must indicate the amount sought and provide an itemized statement in support thereof; and (4) the party must allege the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." Id.

The court finds Ms. Ratliff has complied fully with the requirements of the EAJA. Mr. Rondeau is the prevailing party under the court's reversal and remand order and subsequent judgment. (Dockets 23 & 25). Ms. Ratliff timely filed a motion for fees and expenses. See Docket 24. She set forth the amount

---

[1] Fees and expenses include "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . . ." 28 U.S.C. § 2412(d)(2)(A).

requested and properly provided an itemized log detailing the actual time expended in this case.  Id.  Further, she alleged the position of the United States was not substantially justified, see id., and this court agrees as is evident by its February 8, 2010, order, see Docket 23.

     Ms. Ratliff requests an award of attorney's fees at the rate of $165 per hour.  (Docket 24).  The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A).  However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  Id.  The court finds reasonable a rate of $165 per hour in light of the necessary adjustment for inflation and the training and experience of Ms. Ratliff in the practice of social security law.

     The Commissioner does not object to a hourly rate of $165 for attorney's fees.  (Docket 26).  However, the Commissioner does object to the total number of hours billed by Ms. Ratliff.  Id.  Specifically, the Commissioner seeks to reduce the number of billable hours by 13.5 hours.  Id.  A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."  28 U.S.C. § 2412(d)(1)(C).  The court does not find such a reduction appropriate in this case.  Given the long and arduous history of this case, Ms. Ratliff was justified in seeking specific instructions to guide the administrative law judge on remand, although the court ultimately declined

to issue such instructions. Further, even an attorney with specialized knowledge in this field may need to research a particular point of law. In short, the court has considered the Commissioner's objections, but finds the 40.75 hours expended by Ms. Ratliff reasonable. Accordingly, it is hereby

ORDERED that Ms. Ratliff's motion for EAJA fees (Docket 24) is granted in its entirety. The United States forthwith shall issue a check directly to Ms. Ratliff to expedite payment.[2]

Dated March 25, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

---

[2] In the Eighth Circuit, EAJA fees are awarded directly to the prevailing party's attorney, rather than to the prevailing party himself. Ratliff v. Astrue, 540 F.3d 800, 801 (8th Cir. 2008), *cert. granted*, 130 S. Ct. 48 (2009).